**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: 19-06512-jw

CONSENT ORDER RESOLVING OBJECTION
TO CONFIRMATION OF PLAN

The relief set forth on the following pages, for a total of __6__ pages including this page, is
hereby **ORDERED**.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re: | Case No. 19-06512-jw |
| Brian James Macdonald | |
| | Chapter 13 |
| Debtor. | |

**CONSENT ORDER RESOLVING OBJECTION**
**TO CONFIRMATION OF PLAN**

This matter comes before the Court on the Objection of Cathy Furlow and Mike Furlow

("Furlows") to the confirmation of Debtor's plan.

**FACTS**

Debtor filed a chapter 13 petition on December 12, 2019.  Debtor's schedules include a

25% interest in real estate located at 5718 Captain Kidd Road, Hollywood, South Carolina

(hereinafter Property).  On December 20, 2019, Debtor filed a chapter 13 plan proposing payment

of 100% of claims plus interest at the rate of 6.25%.  Debtor listed the Furlows with a contingent,

disputed claim in an unknown amount.  The Furlows each filed a proof of claim (court claims #2-

2 and #3-3) in the amount of $73,966.26 for damages due to a dispute over joint ownership of the

Property ("Damage Claim").  It is the Furlows' position that they own a 96.83% interest in the

Property and Debtor owns a 3.17% interest.  The Furlows filed an objection to the plan on the

grounds the plan did not comply with 11 U.S.C. §1325(a)(4) because the value of the property

distributed under the plan for each allowed creditor was less than the claim if the estate were

liquidated.  Further, the objection states that for the plan to be confirmed Debtor's interest in the

Property and the Furlows' Damage Claim would need to be determined.

The state court action for a partition in Charleston County in the Court of Common Pleas for the Ninth Circuit case number 2018-CP-10-01398 was removed to Bankruptcy Court in Adv. Pro. No. 20-80027-JW.  This Court issued an Order of Partition on September 15, 2020 that established Debtor's ownership percentage and damages to the Furlows and finds that the total Damage Claim owed by Debtor to the Furlows is $2,827.75.  The Furlows have filed a motion to reconsider this order, and it is anticipated that if the motion to reconsider is denied, an appeal will be filed.  The issues between the parties are not fully resolved until the final resolution of the appeals process.

With the ownership percentage of the Property and damage claim unresolved pending the reconsideration or appeal, confirmation of a plan is not possible.  The parties acknowledge that the Plan does indicate that allowed claims of unsecured creditors will be paid in full, with interest, which would meet the requirements of  11 U.S.C. §1325(a)(4), if fully funded to pay all claims.  If the plan is amended, the Debtor agrees that the plan must provide that amount to allowed unsecured claims unless (1) final resolution of the appeal shows a lesser liquidation value of the estate and/or (2) the property is sold, and the net to the debtor after closing costs is less than the allowed amount of claims, and debtor's financial condition changes such that he cannot afford a higher payment.

The parties recognize that if the outcome of the reconsideration/appeal/retrial of the adversary proceeding is in favor of the Furlows, it may affect the terms of the plan to other creditors, but that if the appeal is in favor of the Debtor/ Defendant, the Adversary Order entered September 15, 2020 does resolve the issues between the parties.  Accordingly, the parties request that the Court remove the Objection to Confirmation from the court docket without prejudice, pending the final resolution of the appeals process.

The parties agree that further delay to other creditors is not necessary, such that confirmation of a plan can be allowed, relying upon the terms of the Adversary Order entered September 15, 2020, as long as the Furlows' rights are preserved and are not deemed to be waived.

NOW, THEREFORE, upon good cause shown,

1. The Objection to Confirmation filed on January 9, 2020, is hereby removed from the docket, with leave to restore.  A motion to restore the Objection to Confirmation to the docket by the Furlows, or a motion to deny the Objection to Confirmation by the Debtor or Trustee, should be filed, with a copy of the final determination attached as an exhibit, within 60 days from the entry of the final order on appeal or retrial of the Adversary Proceeding.

2. In reliance upon the terms of the Adversary Order entered September 15, 2020, the Furlows Damage Claims, court claims #2-2 and 3-3, will be recognized as one allowed claim in the amount of $2,827.75, payable to "Michael and Cathy Furlow" and to be paid by the Trustee through the plan.

   a. Upon resolution of the reconsideration and appeal process, the Furlows shall amend their claims within 30 days from the entry of the final order on appeal or retrial of the Adversary Proceeding or will be deemed to have waived any change in the amount to be paid through the Chapter 13 plan.  Debtor and Trustee have not waived their rights to object to any amended claim, but agree to do so within 30 days of any amended claim.

   b. If the property is sold before the resolution of the appeal, the Furlows will be entitled to be paid the amount of the claim not already paid by the Trustee from sales proceeds at closing, but if they choose to do so, they must notify the

4

    Trustee, before the closing, that the claim will be paid, and amend the claim after closing.

3.  If the final determination of the adversary action requires an amended plan to address the Furlows' Damage Claims, Debtor shall file an amended plan within 15 days of entry of the order concluding the appeal, including a re-trial of the adversary matter or entry of an order on any claim objection, whichever is later.  If Debtor fails to file an amended plan, such failure will constitute cause to dismiss the case under 11 U.S.C. §1307(c).

4.  Confirmation of a plan may be requested by the Trustee, and granted by separate order, but 11 U.S.C. §1327(a) will not apply to the parties of this Order, and confirmation of a plan will not be deemed to have *res judicata* effect regarding any issue resolved by this Order if the findings of the Adversary Order entered September 15, 2020 are changed.

5.  The Trustee may rely upon this Order to make disbursements to all creditors.  If the Damage Claim of Furlows established above has been paid in full and the appeals process is not complete or is complete but the claim is not amended, the Trustee may issue a report of plan completion and end the administration of the case.  If the appeal is complete before the bankruptcy has ended, the Furlows shall not be entitled to further funds on their Damage claim outside the bankruptcy.  If the appeal is not complete before the bankruptcy has ended, the Furlows shall be limited to collect any Damage Claim from the Property or the sale proceeds of the property, but only to the extent that the statutory exemptions are not applicable.

6.  Nothing in this order shall be interpreted as a waiver of any rights of the parties to pursue the appeal.

AND IT IS SO ORDERED.

**WE SO MOVE AND CONSENT:**

Markham Law Firm, LLC                                    Freeman|Wine, LLC

/s/Sean Markham                                            /s/Wendi M. Freeman
Sean Markham, Dist. I.D. # 10145          Wendi M. Freeman, Dist. I.D. #5336
SC Bar # 70688                                              Attorney for Debtor
NC Bar # 54200                                              1040 eWall Street
Attorney for the Furlows                               Mt. Pleasant, SC  29464
P.O. Box 20074                                              Tel: 843-849-1900
Charleston, SC 29413-0074                          wendi@freemanwine.com
Tel: 843-284-3646
sean@markhamlawsc.com

/s/ James M. Wyman
James M.Wyman
Chapter 13 Trustee
Post Office Box 997
Mt. Pleasant, SC 29465
Tel: 843-856-2412
13info@charleston13.com