# U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: 19-06512-jw

### CONSENT ORDER RESOLVING OBJECTION
### TO CONFIRMATION OF PLAN

The relief set forth on the following pages, for a total of  6  pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**10/28/2020**



/s/ John E. Waites

US Bankruptcy Judge
District of South Carolina

Entered: 10/28/2020

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Brian James Macdonald<br><br>Debtor. | Case No. 19-06512-jw<br><br>Chapter 13 |

## CONSENT ORDER RESOLVING OBJECTION
## TO CONFIRMATION OF PLAN

This matter comes before the Court on the Objection of Cathy Furlow and Mike Furlow ("Furlows") to the confirmation of Debtor's plan.

### FACTS

Debtor filed a chapter 13 petition on December 12, 2019. Debtor's schedules include a 25% interest in real estate located at 5718 Captain Kidd Road, Hollywood, South Carolina (hereinafter Property). On December 20, 2019, Debtor filed a chapter 13 plan proposing payment of 100% of claims plus interest at the rate of 6.25%. Debtor listed the Furlows with a contingent, disputed claim in an unknown amount. The Furlows each filed a proof of claim (court claims #2-2 and #3-3) in the amount of $73,966.26 for damages due to a dispute over joint ownership of the Property ("Damage Claim"). It is the Furlows' position that they own a 96.83% interest in the Property and Debtor owns a 3.17% interest. The Furlows filed an objection to the plan on the grounds the plan did not comply with 11 U.S.C. §1325(a)(4) because the value of the property distributed under the plan for each allowed creditor was less than the claim if the estate were liquidated. Further, the objection states that for the plan to be confirmed, Debtor's interest in the Property and the Furlows' Damage Claim would need to be determined.

2

The state court action for a partition in Charleston County in the Court of Common Pleas for the Ninth Circuit case number 2018-CP-10-01398 was removed to Bankruptcy Court in Adv. Pro. No. 20-80027-JW (the "Adversary Proceeding"). This Court issued an Order of Partition on September 15, 2020 that established Debtor's ownership percentage at 25% and damages to the Furlows and finds that the total Damage Claim owed by Debtor to the Furlows is $2,827.75. The Furlows have filed a motion to reconsider this order, which has been denied. It is anticipated that an appeal and request to stay the sale of the Property will be filed.

With the ownership percentage of the Property and damage claim pending a stay and appeal, confirmation of a plan may not be practicable without special provisions.

The parties recognize that if the final resolution after any appeal in the Adversary Proceeding is in favor of the Furlows, it may affect the terms of the plan to other creditors, but that if the appeal is in favor of the Debtor, the September 15, 2020 Order resolves the issues between the parties. Accordingly, the parties request that the Court remove the Objection to Confirmation from the court docket without prejudice, pending the final resolution of the appeals process.

The parties agree that further delay to other creditors is not necessary, such that confirmation of a plan can be allowed, based upon the terms of the September 15, 2020 Order, as long as the Furlows' rights are preserved and are not deemed to be waived.

NOW, THEREFORE, upon good cause shown,

1. The Objection to Confirmation filed on January 9, 2020, is hereby removed from the docket, without prejudice. Within fifteen (15) days after the entry of the an order finally resolving the Adversary Proceeding after any timely appeal, a motion to restore the Objection to Confirmation to the docket by the Furlows, or a motion to deny the Objection to Confirmation

by the Debtor or Trustee, shall be filed, with a copy of the final determination attached as an exhibit.

2. For the purposes of confirming a plan to commence distributions to Debtor's other creditors, the Furlows' claims (Claims #2-2 and 3-3) will be recognized as a single claim in the amount of $2,827.75 ("Damages Amount"), based upon the findings of the September 15, 2020 Order, payable to "Michael and Cathy Furlow" by the Trustee through the confirmed plan.[1]

3. If the final resolution of the Adversary Proceeding after any appeal does not conclude prior to the end of Debtor's bankruptcy case:

   a. The Trustee may issue a report of plan completion and end the administration of the case,[2] and

   b. If the final resolution of the appeals process results in an increase in the Damage Amount, the Furlows agree to limit their recovery of damages to collection from the Property or its proceeds, subject to any applicable statutory exemptions claimed by Debtor.

4. If the final resolution of the Adversary Proceeding after any appeal concludes prior to the end Debtor's bankruptcy case:

   a. The Furlows shall amend, if necessary, their claim within fifteen (15) days of any order finally resolving any appeal of the Adversary Proceeding and Debtor shall have thirty (30) days from the filing of any amended claim to file an objection to it;[3]

   b. If necessary, Debtor shall amend his plan within fifteen (15) days after the entry of any such order that finally resolves the Adversary Proceeding after appeal or decision on any claim objection. Failure to amend the plan may constitute cause to dismiss under 11 U.S.C. § 1307(c); and

   c. The Furlows expressly agree that if the final resolution of the appeals process results in an increase in the Damages Amount, the Furlows' recovery from any Trustee

---

[1] The parties agree that the purpose of this Order is to permit a confirmation of a plan to permit the Trustee to commence distributions to creditors in Debtor's case. This Order does not bind or waive the Furlows' ability to appeal the Court's orders in the Adversary Proceeding, including challenging the Court's findings on the amount of the Furlows' damages.

[2] The Trustee may also issue a report of plan completion and end the administration of the case if the Furlows fail to timely amend their claim following the final resolution of any appeal of the Adversary Proceeding.

[3] This Order does not constitute a waiver of the Debtor or Trustee's rights to object to any amended claim filed by the Furlows.

    payment in this case is limited to those disbursements made within Debtor's bankruptcy case pursuant to a confirmed amended plan or other order of the Court, and they are precluded from collecting the claim outside of the bankruptcy case unless the case is dismissed.[4]

5. If the Property is sold prior to the end of Debtor's bankruptcy case and prior to the final resolution of the Adversary Proceeding after any appeal, the Furlows may, in lieu of receiving further disbursements from the Trustee, elect to have any remaining balance of the Damages Amount paid from the proceeds of the sale of the Property upon notifying the Trustee in advance of the sale of this election. If elected, the Furlows must amend their claims in the claims register to reflect the payment of the Damages Amount from the sale proceeds within fifteen (15) days after the closing for the sale of the Property.

6. Due to the ongoing dispute between the parties and possible appeal, if the findings of the September 15, 2020 Order are modified after appeal, section 1327(a) of the Bankruptcy Code will not apply to the undersigned parties to this Order, and the confirmation of Debtor's plan will not be deemed to have *res judicata* effect regarding any issue preserved by this Order.

7. Nothing in this order shall be interpreted as a waiver of any rights of the parties to pursue or defend an appeal.

AND IT IS SO ORDERED.

---

[4] The Furlows agree that if, as a result of the conclusion of the appeals process, Debtor is permitted to amend the plan to provide for less than 100% payment with interest to his creditors (resulting in a potential overpayment to creditors who received disbursements while the appeal was pending), the Trustee will not be responsible for seeking a refund of any overpayment made to those other creditors, and accordingly, the disbursements of the Furlows' claim will be reduced in the amount of any overpayment made by the Trustee to other creditors while the Furlows' appeal was pending.

**WE SO MOVE AND CONSENT:**

Markham Law Firm, LLC                    Freeman|Wine, LLC

/s/Sean Markham                           /s/Wendi M. Freeman
Sean Markham, Dist. I.D. # 10145          Wendi M. Freeman, Dist. I.D. #5336
SC Bar # 70688                            Attorney for Debtor
NC Bar # 54200                            410 Mill Street, Suite 103
Attorney for the Furlows                  Mt. Pleasant, SC  29464
P.O. Box 20074                            Tel: 843-849-1900
Charleston, SC 29413-0074                 wendi@freemanwine.com
Tel: 843-284-3646
sean@markhamlawsc.com


/s/ James M. Wyman
James M. Wyman
Chapter 13 Trustee
Post Office Box 997
Mt. Pleasant, SC 29465
Tel: 843-856-2412
13info@charleston13.com